257 So.2d 693

**STATE of Louisiana**

**v.**

**Nelson KIRKLAND.**

**No. 51504.**

Feb. 3, 1972.

Robert F. Fleming, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

This is an appeal from a judgment convicting the appellant of the crime of armed

robbery, La.R.S. 14:64, and fixing his punishment at ten years at hard labor in the State Penitentiary. Appellant relies on two bills of exceptions to obtain a reversal of the conviction.

By his first bill of exceptions, the defendant argued the court erred in its denial of his Motion to suppress the identification of the defendant made minutes after the alleged crime by the victim.

 However, this Court has held that a criminal suspect may be apprehended so close in proximity to time and place of the crime itself that the exigencies of the situation make it neither practical nor necessary to afford counsel for an in-the-field identification. State v. Richey, 258 La. 1094, 249 So.2d 143 (1971); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971).

Neither U. S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, nor Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) requires a contrary holding. There is no showing here that the procedure was conducted so unfairly or in such an impermissively suggestive manner as to amount to denial of due process of law.

 The defendant's second bill, taken to the overruling of a motion for a new trial, based upon an allegation that the verdict is contrary to the law and evidence, presents nothing for review. State v. Biagas, 260 La. 69, 255 So.2d 77 (1971).

The conviction and sentence are affirmed.

SUMMERS, J., concurs in the result.